IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 25-cr-00194-JLK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MOHAMED SABRY SOLIMAN,

    Defendant.

---

**GOVERNMENT'S UNOPPOSED MOTION FOR
A PROTECTIVE ORDER PURSUANT TO FED. R. CRIM. P. 16**

---

    The United States hereby requests entry of the attached Protective Order pursuant to Fed. R. Crim. P. 16(d)(1). The United States has conferred with defense counsel, and the defendant does not oppose the entry of the proposed Protective Order.

    In support thereof, the government states as follows:

    1.    On June 2, 2025, a complaint was filed charging the defendant with one count of hate crime involving actual or perceived race, religion, or national origin, in violation of 18 U.S.C. § 249(a)(1),(2). (ECF #1). The defendant was arrested, made his initial appearance on June 6, 2025, and was detained. (ECF #14). On June 24, 2025, the Grand Jury returned an indictment that charged the defendant with eight counts of Hate Crime Acts: Willfully Cause Bodily Injury and Attempt to Kill, 18 U.S.C. § 249(a)(2)(A)(ii)(II); one count of Hate Crime Acts: Using Fire, a Dangerous Weapon, or an Explosive or Incendiary Device to Attempt to Cause Bodily Injury and Attempting to Kill, 18 U.S.C. § 249(a)(2)(A)(ii)(II); two counts of Using Fire or an Explosive to

1

Commit a Felony, 18 U.S.C. § 844(h)(1); and one count of Carrying an Explosive During the Commission of a Felony, 18 U.S.C. § 844(h)(2). (ECF #10).

2. As described in the criminal complaint affidavit (ECF #1), on June 1, 2025, the defendant threw two Molotov cocktails into a group that was gathered as part of "Run for Their Lives," which organizes walks in various cities across the U.S. to raise awareness for people who continue to be held hostage by Hamas since the October 7, 2023 attacks. When throwing one of the Molotov cocktails, he yelled "Free Palestine." The defendant was immediately arrested, and in a subsequent Mirandized interview, the defendant stated that he had been planning his attack for a year and he specifically searched for Zionist events and identified the Run for Their Lives event. There has been significant press interest in this case as well.

3. During the investigation of these offenses, law enforcement agents have gathered voluminous records that the government wishes to provide in discovery. Throughout the discoverable materials is personal identifying information (PII) and other sensitive information pertaining to victims, witnesses, and other individuals, including, but not limited to, names, telephone numbers, addresses, Social Security numbers, photos, videos, and other recordings. Unrestricted dissemination of this material could adversely affect law enforcement interests, the safety of witnesses, and the privacy interest of victims, the defendant and his family, and third parties.

4. This Court may, for good cause, subject certain criminal discovery to a protective order. Rule 16(d)(1) of the Federal Rules of Criminal Procedure, entitled "Protective and Modifying Orders," expressly contemplates that the Court may tailor discovery as appropriate in a given case, and provides in pertinent part as follows:

> At any time the court may, for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

Fed. R. Crim. P. 16(d)(1).

5. Here, good cause exists to restrict the defendant's use, dissemination and disposition of the discovery material according to the terms set forth in the Protective Order. Because of the nature of these charges, the government is concerned with providing PII, other sensitive information, and depictions of victims to the defendant without limitation on the dissemination of this material. Under the Crime Victims' Rights Act, crime victims have "[t]he right to be treated . . . with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). Limiting dissemination of victim information is consistent with this right. At the same time, redacting all victim information and depictions would delay discovery and might limit valid inquiries by defense counsel into the circumstances of the crime and prevent defense counsel from seeing important evidence against their clients. Thus, the Protective Order will expedite the disclosure of discovery while protecting the privacy of victims and other third parties.

6. Protective orders have also been upheld as appropriate where the discovery subjected to a protective order contains information that could reasonably subject a witness to physical risk of harm. *See, e.g.*, Fed. R. Crim. P 16, Advisory Committee Notes to the 1974 Amendments ("Although the rule does not attempt to indicate when a protective order should be entered, it is obvious that one would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed"); *United States v. Fort*, 472 F.3d 1106,

1131 (9th Cir. 2007) (Fletcher, J. dissenting) (noting that "[t]he Rules Advisory Committee specifically designed Rule 16(d)(1) to provide a mechanism to protect witness safety, and to grant considerable discretion to the district court in drafting orders under that rule").

## Conclusion

7.  Here, the discovery materials disclose personal identifying information and sensitive material that impact the privacy interests of victims, witnesses, the defendant and his family, and other third parties. The government is seeking a protective order to ensure that all discovery materials are limited in their dissemination to members of the defense team to be used in the preparation of their defense. For these reasons, the government requests entry of the attached proposed Protective Order under Fed. R. Crim. P. 16(d)(1).

Respectfully submitted this 17th day of July, 2025.

PETER MCNEILLY
United States Attorney

By: *s/ Melissa Hindman*
Melissa Hindman
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California St., Ste. 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax: 303-454-0406
E-mail: Melissa.Hindman@usdoj.gov
Attorney for Government

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

> By: *s/ Melissa Hindman*
> Melissa Hindman
> Assistant U.S. Attorney
> U.S. Attorney's Office
> 1801 California St., Ste. 1600
> Denver, CO 80202
> Telephone: 303-454-0100
> Fax:  303-454-0406
> E-mail:   Melissa.Hindman@usdoj.gov
> Attorney for Government