IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 25-cr-00194-JLK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MOHAMMED SABRY SOLIMAN,

      Defendant.

**UNOPPOSED MOTION TO EXCLUDE 270 DAYS FROM
THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**

Defendant, Mohammed Sabry Soliman ("Mr. Soliman"), by and through undersigned counsel, hereby respectfully moves the Court for an Order excluding 270 days from the Speedy Trial Act computations, vacating the currently scheduled motions and response deadlines, trial preparation conference and jury trial, and scheduling all necessary deadlines and court proceedings according to the resulting Speedy Trial period. The government does not oppose this request.

In support of this request, Mr. Soliman states:

**FACTUAL AND PROCEDURAL HISTORY**

The government alleges that on June 1, 2025, Mr. Soliman threw lit Molotov cocktails toward a group of people, injuring eight, one of whom has died. The government further claims that Mr. Soliman committed this act because of the actual or perceived national origin of any person. Police arrested Mr. Soliman at the scene of the alleged attack and he has remained in custody since June 1, 2025.

On June 1, 2025, the government filed a complaint and obtained a federal arrest warrant for Mr. Soliman. ECF 1, 2. At that time, Mr. Soliman was in state custody pursuant to an investigative hold in Boulder County. On June 3, 2025, the clerk of the United States District Court for the District of Colorado issued a *Writ of Habeas Corpus Ad Prosequendum* directing the United States Marshals to take custody of Mr. Soliman to allow him to appear for proceedings in the instant case. ECF 7. This order also directed federal law enforcement to hold Mr. Soliman in federal custody until the conclusion of the federal proceedings. *Id.* The United States Marshals Service executed that order and transferred Mr. Soliman into federal custody on June 6, 2025. ECF 16.

On June 5, 2025, the Boulder County District Attorney charged Mr. Soliman in state court based on this alleged conduct. *See* Boulder County Case 25CR785, Felony Complaint & Information.

On June 6, 2025, Mr. Soliman appeared before a United States Magistrate Judge for an initial appearance on the complaint. ECF 14. On June 18, 2025, Mr. Soliman appeared before a United States Magistrate Judge for a preliminary hearing. ECF 19. The Magistrate Judge found probable cause to support the complaint. *Id*.

On June 24, 2025, the government filed the indictment in this case. ECF 20. This filing marked the beginning of the speedy trial period in this case. 18 U.S.C. § 3161(c)(1) (when a defendant has previously appeared in federal court in connection with a complaint, speedy trial period commences upon the public filing of the indictment).

The following day, June 25, 2025, a victim of Mr. Soliman's alleged crime died.[1]

---

[1] Undersigned counsel have not yet had an opportunity to review medical records or other discovery material relating to this victim's injuries and death. However, the Boulder County District Attorney stated that this victim died from injuries sustained in the charged incident.

On June 30, 2025, the Boulder County D.A. filed an amended Complaint & Information to include first degree murder charges. *See* Boulder 25CR785, Amended Complaint & Information. The federal government has not filed a superseding indictment.

Undersigned counsel have received two discovery productions to date. First, on June 18, 2025, the government produced 7 pages of written material and 1 multimedia file. Second, on July 18, 2025, the government produced 705 additional pages of written material and 23 multimedia files. Based on conferral, counsel expects extensive further discovery productions in the coming months. Counsel have begun to review the materials produced but have not completed that process.

## SPEEDY TRIAL CALCULATION

The 70-day Speedy Trial period began to run when the government publicly filed the indictment on June 24, 2025. As of the filing of this motion (July 22, 2025) 29 days have elapsed, leaving 41 days within the Speedy Trial period. Excluding 270 days from that period, beginning July 23, 2025, would allow the Court to conduct Mr. Soliman's trial any time before June 1, 2026 (July 23, 2025 + 270 days + 41 days).[2] That date would extend further based on the number of days the instant motion remains pending. 18 U.S.C. § 3161(h)(1)(D) ("delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" shall be excluded from the speedy trial period).

## LEGAL AUTHORITY

This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the

---

[2] This calculation results in an end date of May 30, 2026, which falls on a Saturday. Therefore, the exclusion period continues until the next day that is not a weekend or legal holiday. Fed. R. Crim. P. 45(a)(1)(C).

3

proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i).  An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)).  The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time.  *See id.* at 1271.  Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act.  *See id.* at 1271-72.

In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

"Before deciding whether to plead guilty, a defendant is entitled to the 'effective assistance of competent counsel.'" *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). In

4

this context, effective representation requires "counsel's informed opinion as to what pleas should be entered." *United States v. Carter*, 130 F.3d 1432, 1442 (10th Cir. 1997).

## ARGUMENT

Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

The ends of justice served by this requested delay either outweigh or serve the best interest of the public and Mr. Soliman. First, proceeding within the current time requirements would deny counsel for the defendant the reasonable time necessary for effective preparation, which includes the time necessary to review all discovery material, discuss that material with Mr. Soliman, conduct and review all results of the necessary defense investigation, and accurately advise Mr. Soliman regarding the likelihood of conviction at trial and the likely sentence if convicted.

Defense counsel's request for a continuance in this case also satisfies the factors set forth in *West*.

First, defense counsel has been diligent in reviewing discovery and in the timeliness of this request. Defense counsel began reviewing discovery material soon after receiving it and continues to review that material. Further, defense counsel has shown diligence in this request by making it prior to the initial motions filing deadline.

Second, depending on potential changes to the charges, it is likely that this continuance would accomplish the underlying purpose of this request. Excluding 270 days from the requirements of the Speedy Trial Act should allow defense counsel the time to receive and review all discovery, conduct a thorough investigation, review defense investigation results, effectively advise Mr. Soliman regarding possible motions issues, trial defenses, and the plea negotiation process, and to present information to the government in connection with negotiations. This type

5

of thorough evaluation is necessary to advise Mr. Soliman as to his options and potential strategies for his defense. A 270-day continuance would allow defense counsel time to accomplish these purposes, all of which are necessary to provide Mr. Soliman with full and effective assistance of counsel.

Third, based on the government's lack of opposition to this motion, the defense asserts that the 270-day continuance sought in this matter will not prejudice the government.

The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. The need for the continuance is described throughout this motion. Without the requested continuance defense counsel will be unable to adequately advise Mr. Soliman regarding the discovery, results of defense investigation, and the possibility of resolving the case by plea agreement. Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and Mr. Soliman's right to be effectively represented in these proceedings will be seriously damaged.

## CONCLUSION

Wherefore, Mr. Soliman respectfully moves this Court for an Order excluding 270 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7), vacating the currently scheduled motions and response deadlines, trial preparation conference and jury trial, and scheduling future court dates accordingly.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

*s/ David Kraut*
DAVID KRAUT

*s/ Jennifer Beck*
JENNIFER BECK

*s/ Kelly Christl*
KELLY CHRISTL

Assistant Federal Public Defenders
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: David_Kraut@fd.org
Email: Jennifer_Beck@fd.org
Email: Kelly_Christl@fd.org
Attorneys for Mr. Soliman

CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2025, I filed the foregoing *Unopposed Motion to Exclude 270 Days From the Requirements of the Speedy Trial Act* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Melissa E. Hindman, Assistant United States Attorney
Email: melissa.hindman@usdoj.gov

Laura Cramer-Babycz, Assistant United States Attorney
Email: laura.cramer-babycz@usdoj.gov

MarLa N. Duncan, Assistant United States Attorney
Email: marla.duncan@usdoj.gov

I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Mohammed Sabry Soliman (via U.S. mail)

*s/ David Kraut*
DAVID KRAUT
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: David_Kraut@fd.org
Attorney for Defendant