IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 25-cr-00194-JLK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MOHAMMED SABRY SOLIMAN,

    Defendant.

---

**ORDER GRANTING UNOPPOSED MOTION TO EXCLUDE 270 DAYS FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT (ECF NO. 36)**

---

Kane, J.

    This Court has reviewed the Unopposed Motion to Exclude 270 Days from the Requirements of the Speedy Trial Act (ECF No. 36) filed by Defendant Mohammed Sabry Soliman. The Court finds and concludes that Mr. Soliman's Motion should be granted and that 270 days should be excluded from the speedy trial calculation because of the following:

1. Although Mr. Soliman is in custody, he consents to the extension.

2. The Motion is unopposed, and the exclusion of 270 days will not hinder or cause inconvenience to the Government.

3. Defense counsel have received hundreds of pages of discovery materials as well as numerous multimedia files, and it is expected that significant additional discovery materials will be provided. Defense counsel need additional time to review the discovery and to examine the materials with Mr. Soliman. Counsel must also conduct a complete investigation and pursue any potentially meritorious motions and trial defenses. Additionally, counsel require more time to explore the plea negotiation process.

4. Defense counsel in this case have been diligent in performing their duties and in requesting additional time. A miscarriage of justice would be likely and predictable if counsel for Mr. Soliman were forced to comply with the statutory limits. *See* 18 U.S.C. § 3161(h)(7)(B)(i). Such a limitation would deny counsel the reasonable time necessary for effective preparation, despite the exercise of due diligence.

5. I have given full consideration to the proper factors as required by *United States v. Toombs*, 574 F.3d 1262, 1268-69 (10th Cir. 2009). I find that the ends of justice served by granting the continuance outweigh the interests of the public and Mr. Soliman in adhering to the 70-day limitation imposed by the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(A); *United States v. West*, 828 F.2d 1468, 1470-71 (10th Cir. 1987).

Accordingly, it is ORDERED:

Mr. Soliman's Motion (ECF No. 36) is GRANTED. An additional 270 days will be excluded from the Speedy Trial Act calculation. All previously set deadlines and dates are VACATED, including the Trial Preparation Conference set for August 26, 2025, and the trial set to begin September 2, 2025. The deadline for Pretrial Motions is reset to March 25, 2026. Responses are due April 15, 2026. Replies, if necessary, are due April 29, 2026. The parties shall jointly file their proposed jury instructions on or before May 6, 2026. The Motion Hearing and Trial Preparation Conference is set for 10:30 a.m. on Wednesday, May 27, 2026, in Courtroom A802 on the 8th Floor of the Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado. The four-week trial is set to begin at 9:00 a.m. on June 1, 2026, in the same location.

DATED this 31st day of July, 2025.

*John L. Kane*
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE