IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 25-cr-00194-JLK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MOHAMMED SABRY SOLIMAN,

      Defendant.

---

## UNOPPOSED MOTION TO EXCLUDE 180 DAYS FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT

---

Defendant, Mohammed Sabry Soliman ("Mr. Soliman"), by and through undersigned counsel, hereby respectfully moves the Court for an Order excluding 180 days from the Speedy Trial Act computations, vacating the currently scheduled motions and response deadlines, trial preparation conference and jury trial, and scheduling all necessary deadlines and court proceedings according to the resulting Speedy Trial period.

The parties have conferred and the government does not oppose this request.

### CERTIFICATION OF DEFENSE COUNSEL

Undersigned defense counsel have received authorization from Mr. Soliman for the filing of this motion.

### FACTUAL AND PROCEDURAL HISTORY

Mr. Soliman respectfully incorporates the factual and procedural history presented in his first Motion to Exclude Time from the Requirements of the Speedy Trial Act. ECF 36. Since that motion was filed on July 29, 2025, the government has produced an additional 806 pages of written

material, a smartphone extraction and Cellebrite report, and records produced by Google in response to the government's production request. Defense counsel have reviewed this material as well as the discovery material produced prior to July 29, 2025.

The defense investigation based on this discovery remains ongoing. For example, a significant amount of material within the cell phone discovery is in Arabic. Defense counsel are determining what portions of the cell phone discovery must be translated and will employ a qualified Arabic interpreter to complete those translations. Also, the defense has interviewed some, but not all, potential trial witnesses. Defense witness interviews are continuing and cannot be concluded by the current motions filing deadline.

Further, the government anticipates producing additional discovery in the coming weeks. The parties have not identified any discovery disputes at this time and do not currently require court intervention regarding discovery.

Finally, the government has informed the defense that the Department of Justice will consider whether to authorize this case for capital prosecution. The defense seeks additional time to gather and present information to the government that will justify and support a decision not to seek the death penalty against Mr. Soliman. Although this circumstance forms a basis for the continuance sought by this motion, Mr. Soliman does not concede that the government may seek the death penalty in this case. If the government chooses to do so, the defense must challenge that decision, and nothing in this motion is or should be construed as a waiver of any legal argument or factual position raised on Mr. Soliman's behalf in connection with such litigation.

## SPEEDY TRIAL CALCULATION

The 70-day Speedy Trial period began to run when the government publicly filed the indictment on June 24, 2025. The Speedy Trial period paused when the government filed a motion

for a protective order on July 17, 2025. ECF 32. At that time, 23 days had elapsed from the Speedy Trial period, leaving 47 days remaining. On July 29, 2025, while the protective order motion was pending, Mr. Soliman filed his first Motion to Exclude Time From the Requirements of the Speedy Trial Act. ECF 36. On July 31, 2025, the Court granted both pending motions. ECF 40, 41. The Court's order on the Motion to Exclude Time excluded 270 days from the Speedy Trial period. ECF 40. Therefore, at this time, the 47 days remaining in the Speedy Trial period will resume counting on Monday, April 27, 2026.

This motion seeks to exclude an additional 180 days from the Speedy Trial period, beginning when the prior exclusion ends. If granted, the remaining 47 days in the Speedy Trial period would resume counting on or after October 24, 2026, producing a Speedy Trial end-date of **December 10, 2026**. That date would extend further based on the number of days the instant motion remains pending. 18 U.S.C. § 3161(h)(1)(D) ("delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" shall be excluded from the speedy trial period).

## LEGAL AUTHORITY

This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the

3

defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See id.* at 1271-72.

In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

"Before deciding whether to plead guilty, a defendant is entitled to the 'effective assistance of competent counsel.'" *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). In this context, effective representation requires "counsel's informed opinion as to what pleas should be entered." *United States v. Carter*, 130 F.3d 1432, 1442 (10th Cir. 1997).

**ARGUMENT**

This request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

The ends of justice served by this requested delay either outweigh or serve the best interest of the public and Mr. Soliman. Proceeding within the current time requirements would deny counsel for the defendant the reasonable time necessary for effective preparation, which includes the time necessary to receive and review all discovery material, discuss that material with Mr. Soliman, conduct and review all results of the necessary defense investigation, and accurately advise Mr. Soliman regarding the likelihood of conviction at trial and the likely sentence if convicted.

In addition, proceeding within the current time limits would also preclude the necessary investigation and conferral regarding whether the government will authorize this case for capital prosecution. Few, if any, decisions made by federal prosecutors carry greater consequences than the decision to seek the death penalty. The defense requires additional time to make every possible effort to support a decision not to seek the death penalty.[1]

Defense counsels' request for a continuance in this case also satisfies the factors set forth in *West*.

First, defense counsel have been diligent in reviewing discovery and in the timeliness of this request. Defense counsel began reviewing discovery material soon after receiving it and continue to review that material. Further, defense counsel have shown diligence in this request by making it by the motions filing deadline.

---

[1] The defense mitigation investigation is ongoing. At this time, defense counsel cannot know how much time will be required to conduct a constitutionally sufficient investigation before presenting to the government in support of a request not to seek the death penalty. Counsel will continue to work diligently on the mitigation investigation but may require additional time to meet this critical obligation.

Second, if the government does not seek the death penalty, it is likely that this continuance would accomplish the underlying purpose of this request.[2] Excluding 180 days from the requirements of the Speedy Trial Act should allow defense counsel the time to receive and review all discovery, conduct a thorough investigation, review defense investigation results, effectively advise Mr. Soliman regarding possible motions issues, trial defenses, and the plea negotiation process, and present information to the government in connection with negotiations. This type of thorough evaluation is necessary to advise Mr. Soliman as to his options and potential strategies for his defense. A 180-day continuance would allow defense counsel time to accomplish these purposes, all of which are necessary to provide Mr. Soliman with full and effective assistance of counsel.

Third, based on the government's decision to not to oppose this motion, the defense asserts that the 180-day continuance sought in this matter will not prejudice the government.

The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. The need for the continuance is described throughout this motion. Without the requested continuance, defense counsel will be unable to adequately advise Mr. Soliman regarding the discovery, results of defense investigation, and the possibility of resolving the case. Without the exclusion of a period of time from the Speedy Trial period, defense counsel will be unable to provide effective assistance of counsel and Mr. Soliman's right to effectively represented in these proceedings will be seriously damaged.

---

[2] Conducting constitutionally sufficient preparation for a capital trial will require a significant amount of additional time excluded from the Speedy Trial period. If necessary, Mr. Soliman will request further exclusion(s) through separate motion(s) that present case-specific factual circumstances and legal authority.

**CONCLUSION**

Wherefore, Mr. Soliman, without opposition from the government, respectfully moves this Court for an order excluding 180 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7), vacating the currently scheduled motions and response deadlines, trial preparation conference and jury trial, and scheduling future court dates accordingly.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

*s/ David Kraut*
DAVID KRAUT

*s/ Jennifer Beck*
JENNIFER BECK

*s/ Kelly Christl*
KELLY CHRISTL

Assistant Federal Public Defenders
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: David_Kraut@fd.org
Email: Jennifer_Beck@fd.org
Email: Kelly_Christl@fd.org
Attorneys for Mr. Soliman

7

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 25, 2026, I filed the foregoing ***Unopposed Motion to Exclude 180 Days From the Requirements of the Speedy Trial Act*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Melissa E. Hindman, Assistant United States Attorney
Email:  melissa.hindman@usdoj.gov

Sarah Howard, Assistant United States Attorney
Email: sarah.howard2@usdoj.gov

I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Mohammed Sabry Soliman (via U.S. mail)

*s/ David Kraut*
DAVID KRAUT
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: David_Kraut@fd.org
Attorney for Defendant