## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No. 25-cr-00194-JLK

UNITED STATES OF AMERICA,

     Plaintiff,

v.

MOHAMMED SABRY SOLIMAN,

     Defendant.

---

**ORDER GRANTING UNOPPOSED MOTION TO EXCLUDE 180 DAYS FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT (ECF NO. 57)**

---

Kane, J.

     This Court has reviewed the Unopposed Motion to Exclude 180 Days from the Requirements of the Speedy Trial Act (ECF No. 57) filed by Defendant Mohammed Sabry Soliman. The Court finds and concludes that Mr. Soliman's Motion should be granted and that an additional 180 days should be excluded from the speedy trial calculation because of the following:

1. Although Mr. Soliman is in custody, he consents to the extension.

2. The Motion is unopposed, and the exclusion of 180 additional days will not hinder or cause inconvenience to the prosecution.

3. Defense counsel have received hundreds of pages of discovery materials, numerous multimedia files, a smartphone extraction and Cellebrite report, and Google records. While defense counsel has reviewed these materials, additional time is needed to conduct a full investigation based on this discovery. Some of the materials are in Arabic and require interpretation or translation. The production of even more discovery by the prosecution is

1

expected.

4. Separately, the U.S. Department of Justice is still considering whether to authorize this case for capital prosecution, and although Mr. Soliman does not concede that the prosecution may seek the death penalty, the defense requires additional time to gather and present to the prosecution information that would support not seeking the death penalty.

5. Defense counsel in this case have been diligent in performing their duties and in requesting additional time. A miscarriage of justice would be likely and predictable if counsel for Mr. Soliman were forced to comply with the statutory limits. *See* 18 U.S.C. § 3161(h)(7)(B)(i). Such a limitation would deny counsel the reasonable time necessary for effective preparation, despite the exercise of due diligence.

6. I have given full consideration to the proper factors as required by *United States v. Toombs*, 574 F.3d 1262, 1268-69 (10th Cir. 2009). I find that the ends of justice served by granting the continuance outweigh the interests of the public and Mr. Soliman in adhering to the present time limitations under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(A); *United States v. West*, 828 F.2d 1468, 1470-71 (10th Cir. 1987).

Accordingly, it is ORDERED:

Mr. Soliman's Motion (ECF No. 57) is GRANTED. An additional 180 days will be excluded from the Speedy Trial Act calculation. All previously set deadlines and dates are VACATED, including the Trial Preparation Conference set for May 27, 2026, and the trial set to begin June 1, 2026. The deadline for Pretrial Motions is reset to August 5, 2026. Responses are due August 26, 2026. Replies, if necessary, are due September 9, 2026. The parties shall jointly file their proposed jury instructions on or before October 13, 2026. The Motion Hearing and Trial Preparation Conference is set for 10:30 a.m. on Tuesday, November 24, 2026, in Courtroom A802 on the 8th Floor of the Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado. The

four-week trial is set to begin at 9:00 a.m. on November 30, 2026, in the same location.

DATED this 31st day of March, 2026.

JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE