# Exhibit A

Case No. 1:25-cr-00194-JLK    Document 73-1    filed 04/21/26    USDC Colorado    pg
1 of 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Action No. 25-cr-00194-JLK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MOHAMMED SABRY SOLIMAN,

      Defendant.

---

**PROPOSED AMENDED PROTECTIVE ORDER**

---

THIS MATTER comes before the Court upon the Government's Motion for a Protective Order (ECF 32) and the Defendant's Unopposed Motion to Modify and Amend Protective Order Relating to Discovery (ECF ___). This order supersedes and replaces ECF 53.

Pursuant to Fed. R. Crim. P. 16(d)(1), and for good cause shown, **IT IS HEREBY ORDERED AS FOLLOWS**:

1.  The discovery materials in this case may be viewed only by defense counsel of record in this case ("defense counsel"), the Defendant, and members of the defense team, including any experts, investigators, and office staff (hereinafter "defense team"), as the defense counsel determine necessary for the purpose of preparing a defense in this case. The defense team also includes defense attorneys, experts, investigators, and office staff representing the Defendant in the criminal prosecution for the same conduct currently pending in Colorado's Twentieth Judicial District (Case No. 2025CR000785).

2.  The restrictions in this agreement shall apply to all members of the defense team, including the Defendant.  Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided with a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record. A copy of this agreement shall be kept with the discovery materials at all times. If counsel provides discovery materials to an expert in accordance with this order, that expert must adhere to all restrictions set forth in this order.

3.  The defense team and Defendant shall use the discovery materials solely and exclusively in connection with this criminal case (including investigation, plea discussion, trial preparation, trial, sentencing, direct appeals, and post-conviction proceedings). The discovery materials are not to be used for any commercial or other purpose and are not to be distributed to the media or otherwise published. Any personal identifying information of third parties, including dates of birth, Social Security numbers, addresses, telephone numbers, financial account information, and photographs contained in the discovery material will be likewise protected from being published, copied, distributed, or used outside of this criminal proceeding.

4.  With the exception of sharing with experts as allowed by this order, the discovery materials are to be kept in the custody of the Office of the Federal Public Defender for the District of Colorado.

5. Other than in accordance with the exceptions noted in this paragraph, the Defendant may review discovery materials only while in the presence of defense counsel or another member of the defense team including video-conference meetings. Defendant shall not make or maintain any copies of the discovery materials. Defendant must return

any discovery material to the defense team at the conclusion of any meeting at which he is permitted to view the discovery material. Defendant may not disclose any of the discovery material or their contents, directly or indirectly, to any person or entity other than those employed to assist in the defense.

(a) The first exception to the provisions of this paragraph is that a password-protected USB drive containing video and audio recordings of certain witness interviews as agreed upon by the parties may be provided by defense counsel to the staff at the detention facility where the defendant is detained. At the discretion of detention facility staff, the defendant may view these recordings on a non-internet-capable computer within the detention facility. He may not show, share, or attempt to share these recordings with anyone outside the Defense Team. He shall not make or maintain any copies of the recordings contained on the USB drive. The USB drive and its contents constitute Discovery material and are subject to all other rules applicable to Discovery Material set forth in this protective order.

(b) The second exception to the provisions of this paragraph is that Mr. Soliman may receive paper and digital copies of certain photographs provided in discovery. Before such photographs may be provided to Mr. Soliman, they must be identified and provided to the government and the government must agree that Mr. Soliman may receive them.

6. This agreement shall not prevent defense counsel from otherwise using the discovery material and disclosures to investigate or prepare for its case. Defense counsel may use the disclosures to support any motion, direct-examination, cross-examination,

etc. However, all documents to be filed in Court to which discovery materials are attached as an exhibit shall be filed under restriction and supported by a motion to restrict in accordance with district practice if necessary.

7. Should any discovery material provided by the Government be improperly disclosed by a member of the defense team, defense counsel shall use his or her best efforts to obtain the return of any such material and shall inform the Court and the Government of the unauthorized disclosure and the circumstances thereof within ten business days of the discovery of such disclosure.

Date:_____

BY THE COURT:

_____
United States District Court Judge