**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 25-cr-00194-JLK

UNITED STATES OF AMERICA,

     Plaintiff,

v.

MOHAMMED SABRY SOLIMAN,

     Defendant.

---

**SECOND AMENDED PROTECTIVE ORDER**

---

THIS MATTER comes before the Court upon the Government's Unopposed Motion for a Protective Order Pursuant to Fed. R. Crim. P. 16 (ECF No. 32), the Government's Unopposed Motion to Modify and Amend Protective Order Relating to Discovery (ECF No. 49), and the Defendant's Unopposed Motion to Modify and Amend Protective Order Relating to Discovery (ECF No. 73). This Second Amended Protective Order supersedes and replaces the Amended Protective Order docketed at ECF No. 53. For good cause shown, IT IS HEREBY ORDERED AS FOLLOWS:

1. All discovery material produced by the Government in this case (the "Discovery Material") may be viewed only by the "Defense Team." The Defense Team is defined as defense counsel of record in this case ("Defense Counsel"); Defendant Mohammed Sabry Soliman; any experts, investigators, and office staff assisting Defense Counsel in preparing the defense in this case; and the defense attorneys representing the Defendant in the criminal prosecution currently pending in Colorado's Twentieth Judicial District, Case No.

1

2025CR000785 (the "State Court case"), as well as the experts, investigators, and office staff assisting those attorneys with preparing the defense for that case.

2. With the exception of sharing the materials with other members of the Defense Team, as allowed by this Order, the Discovery Material is to be kept in the custody of the Office of the Federal Public Defender for the District of Colorado. Each of the individuals to whom disclosure of Discovery Material is made shall be provided with a copy of this Protective Order and will be advised that he or she shall not further disseminate the Discovery Material except by the express direction of Defense Counsel. A copy of this Order shall be kept with the Discovery Material at all times.

3. The Defense Team shall use the Discovery Material solely and exclusively in connection with this criminal case and the State Court case (including investigation, plea discussion, trial preparation, trial, sentencing, direct appeals, and post-conviction proceedings). The Discovery Material is not to be used for any commercial or other purpose and is not to be distributed to the media or otherwise published.

4. Defendant Soliman may review Discovery Material, but only while in the presence of Defense Counsel or another member of the Defense Team. Mr. Soliman shall not make or maintain any copies of the Discovery Material. Mr. Soliman must return any Discovery Material to the Defense Team at the conclusion of any meeting at which he is permitted to view the Discovery Material. Mr. Soliman may not disclose any of the Discovery Material or their contents, directly or indirectly, to any person or entity other than those employed to assist in his defense in this criminal case and the State Court case.

   a. The first exception to the provisions of this paragraph is that a password-protected USB drive containing video and audio recordings of certain witness interviews as

2

agreed upon by the parties may be provided by Defense Counsel to the staff at the detention facility where Mr. Soliman is detained. At the discretion of detention facility staff, Mr. Soliman may view these recordings on a non-internet-capable computer within the detention facility. He may not show, share, or attempt to share these recordings with anyone outside the Defense Team. He shall not make or maintain any copies of the recordings contained on the USB drive. The USB drive and its contents constitute Discovery Material and are subject to all other rules applicable to Discovery Material set forth in this Amended Protective Order.

b.  The second exception to the provisions of this paragraph is that Mr. Soliman may receive paper and digital copies of certain photographs provided in discovery. Before such photographs may be provided to Mr. Soliman, they must be identified and provided to the Government and the Government must agree that Mr. Soliman may receive them.

5.  Discovery Material that discloses personal identifying information and other sensitive information pertaining to victims, witnesses, and other individuals involved in this case, including but not limited to names, telephone numbers, addresses, Social Security numbers, photos, videos, and other recordings, shall be marked as "Confidential" and defined collectively as the "Confidential Information." The Defense Team shall not divulge the Confidential Information, either verbally or in writing, to anyone other than a member of the Defense Team or the counsel of record for the Government. All Confidential Information, originating from this case, shall be filed in this Court under restriction in accordance with D.C.COLO.LCrR 47.1. For any other Discovery Material, either party may move for specific materials to be filed and maintained under restriction. Confidential Information

originating from this case may only be filed in the State Court case if and when a similar protective order is issued in that case, limiting the use and dissemination of the Confidential Information.

6.  This Order shall not prevent Defense Counsel from otherwise using the Discovery Material or Confidential Information to investigate or prepare for its case. Defense Counsel may use the disclosures to support any motion, in direct-examination and cross-examination, and for like proceedings.

7.  Should any Discovery Material provided by the Government be improperly disclosed by any member of the Defense Team, the Defense Team shall use his or her best efforts to obtain the return of any such material and shall inform this Court and the Government of the unauthorized disclosure and the circumstances thereof within seven days of the discovery of such disclosure.

DATED this 23rd day of April, 2026.

JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE

# Exhibit 1

## **AFFIDAVIT**

STATE OF COLORADO                    )
                                     )ss.
COUNTY OF _____             )


_____, swears or affirms and states under penalty of perjury:

1.      I have read the Amended Protective Order in *United States v. Soliman*, Case No. 25-cr-00194-JLK.

2.      I have been informed by _____, counsel for _____, that the materials I have received in connection with the case are Confidential Information as defined in the Amended Protective Order.

3.      I promise that I have not and will not divulge or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4.      For the purposes of enforcing the terms of the Amended Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5.      I will abide by the terms of the Protective Order.


_____        _____
(Signature)                                (Address)

                                           _____

_____
(Print or Type Name)
                                           Telephone No.: (_____)_____


        SUBSCRIBED AND SWORN to before me this _____ day of _____,
20__, by _____.

        WITNESS my hand and official seal.


                                           _____
                                           Notary Public
[S E A L]
                                           My Commission Expires: _____

1