# Exhibit G

Office of the

# Federal Public Defender

### Districts of Colorado and Wyoming

Tracy R. Hucke, Wyoming Branch Chief
Mary V. Butterton, Senior Litigator

**Virginia L. Grady, Federal Public Defender**
Matthew K. Belcher, First Assistant

O. Dean Sanderford, Chief, Appeals
John C. Arceci, Senior Counsel

June 4, 2025

Melissa Hindman
Assistant United States Attorney
United States Attorney's Office
1801 California St., Suite 1600
Denver, CO 80202

Ms. Hindman:

I write to request that the United States Attorney's Office prevent the removal of Hayam El Gamal and her five children from the United States. Jennifer Beck and I represent Mohamed Soliman in D. Colo. 25-mj-108-NRN. Mr. Soliman is Ms. El Gamal's husband and the father of the five children referenced above.

At this early stage in the federal criminal proceedings, and without any discovery material, it is impossible for us to describe the information Ms. El Gamal and the children will provide regarding Mr. Soliman or the criminal charges against him. However, we understand that Mr. Soliman lived with them for many years, shared close relationships with them, and interacted with them in the days preceding the charged offense(s). It is therefore nearly certain that these individuals have information that is material either to guilt or punishment (or both) in Mr. Soliman's case.

A comprehensive factual and mitigation investigation is an essential part of an attorney's obligation to his/her client. The ABA Standards require defense counsel to "conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction." ABA STANDARDS FOR CRIMINAL JUSTICE: PROSECUTION FUNCTION AND DEFENSE FUNCTION, Std. 4-4.1(a) (3d Ed.). We cannot fulfill that obligation without the ability to meet with and interview Mr. Soliman's wife and children in person.

Based on information received from your office earlier today, as well as media reports, we understand that the government plans to remove Ms. El Gamal and all five children from the United States as soon as possible. This afternoon, District Judge Gallagher issued an Order prohibiting the Department of Homeland Security and Immigration and Customs Enforcement from removing them. *See* D. Colo. 25-cv-1741-NYW, ECF 5 (June 4, 2025). I have enclosed a copy of the order with this letter.

| Cheyenne, Wyoming | Denver, Colorado | Casper, Wyoming |
|---|---|---|
| 214 W. Lincolnway, Suite 31A | 633 17th Street, Suite 1000 | 104 South Wolcott Street, Suite 601 |
| Cheyenne, WY 82001 | Denver, CO 80202 | Casper, WY 82601 |
| Phone: 307-772-2781 | Phone: 303-294-7002 | Phone: 307-772-2781 |
| Fax: 307-772-2788 | Fax: 303-294-1192 | Fax: 307-772-2788 |

**www.cofpd.org**

In addition to and independent of Judge Gallagher's order, the government must not remove Ms. El Gamal and the children because doing so would violate Mr. Soliman's Fifth Amendment right to due process and Sixth Amendment right to compulsory process. "Sanctions may be imposed on the Government for deporting witnesses only if the criminal defendant makes a plausible showing that the testimony of the deported witnesses would have been material and favorable to his defense, in ways not merely cumulative to the testimony of available witnesses." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 873 (1982). Based on the unique relationships between Mr. Soliman and his immediate family members, we will be able to show that their testimony would be material and favorable to his defense in non-cumulative ways.

Also, "[i]mplicit … in the [government's] duty to use reasonable means to procure the presence of an absent witness is the duty to use reasonable means to prevent a present witness from becoming absent." *United States v. Burden*, 934 F.3d 675, 688 (D.C. Cir. 2019).

Finally, the government should not deport Mr. Soliman's family at this early stage, even if they have been interviewed by law enforcement agents who recorded their statements. Doing so would create "the basic unfairness of allowing the government to determine which witnesses will not help either side and then [releasing] those witness, for all practical purposes, beyond the reach of the defendant." *United States v. Tsutagawa*, 500 F.2d 420, 423 (9th Cir. 1974). "The vice lies in the unfettered ability of the government to make the decision unilaterally…. A defendant has the right to formulate his defense uninhibited by government conduct that, in effect, prevents him from interviewing witnesses who may be involved and from determining whether he will subpoena and call them in his defense." *Id*.

For all of these reasons, please prevent the removal of our client's wife and children from the United States.

Sincerely,

David Kraut
Attorney for Mohamed Soliman
Office of the Federal Public Defender
633 17th St., Suite 1000
Denver, CO 80202

2