**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 25-cr-00194-JLK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MOHAMMED SABRY SOLIMAN,

      Defendant.

---

**ORDER GRANTING UNOPPOSED MOTION TO EXCLUDE 180 DAYS FROM THE
REQUIREMENTS OF THE SPEEDY TRIAL ACT (ECF NO. 148)**

---

Kane, J.

      This Court has reviewed the Unopposed Motion to Exclude 180 Days from the Requirements of the Speedy Trial Act (ECF No. 148) filed by Defendant Mohammed Sabry Soliman. The Court finds and concludes that Mr. Soliman's Motion should be granted and that an additional 180 days should be excluded from the speedy trial calculation because of the following:

1.  Although Mr. Soliman is in custody, he has authorized the extension request.

2.  The Motion is unopposed, and the exclusion of 180 additional days will not hinder or cause inconvenience to the prosecution.

3.  Since the second motion to exclude time was filed on March 25, 2026, defense counsel have received an additional 3,606 pages of discovery materials, the complete smartphone extraction data, and an additional 96 media files. Defense counsel need additional time to conduct a full investigation based on this discovery. The production of even more discovery by the prosecution is expected.

4. The defense witness interviews are ongoing and will not be concluded by the current deadline.

5. Separately, the U.S. Department of Justice is still considering whether to authorize this case for capital prosecution, and although Mr. Soliman does not concede that the prosecution may seek the death penalty, the defense requires additional time to gather and present to the prosecution information that would support not seeking the death penalty.

6. Defense counsel in this case has been diligent in performing their duties and in requesting additional time. A miscarriage of justice would be likely and predictable if counsel for Mr. Soliman were forced to comply with the current limits. *See* 18 U.S.C. § 3161(h)(7)(B)(i). Such a limitation would deny counsel the reasonable time necessary for effective preparation, despite the exercise of due diligence.

7. I have given full consideration to the proper factors as required by *United States v. Toombs*, 574 F.3d 1262, 1268-69 (10th Cir. 2009). I find that the ends of justice served by granting the continuance outweigh the interests of the public and Mr. Soliman in adhering to the present time limitations under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(A); *United States v. West*, 828 F.2d 1468, 1470-71 (10th Cir. 1987).

Accordingly, it is ORDERED:

Mr. Soliman's Motion (ECF No. 148) is GRANTED. An additional 180 days will be excluded from the Speedy Trial Act calculation. All previously set deadlines and dates are VACATED, including the Trial Preparation Conference set for November 24, 2026, and the trial set to begin November 30, 2026. The deadline for Pretrial Motions is reset to January 15, 2027. Responses are due February 5, 2027. Replies, if necessary, are due February 19, 2027. The parties shall jointly file their proposed jury instructions on or before March 12, 2027. The Motion Hearing

and Trial Preparation Conference is set for 10:30 a.m. on Monday, May 24, 2027, in Courtroom

A802 on the 8th Floor of the Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado.

The four-week trial is set to begin at 9:00 a.m. on Tuesday, June 1, 2027, in the same location.

DATED this 6th day of August, 2026.


JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE