**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Action No. 25-cr-00194-JLK

UNITED STATES OF AMERICA,

Plaintiff,

v.

MOHAMED SABRY SOLIMAN,

Defendant.

---

## GOVERNMENT'S NOTICE REGARDING THE IMMIGRATION STATUS OF THE DEFENDANT'S FAMILY MEMBERS

---

On June 25, 2026, the Court ordered the parties to "immediately file a notice if any change in the immigration circumstances of Mr. Soliman's ex-wife or children occurs." ECF No. 143. In its prior filings and statements on the record in this case, the government has explained that members of the defendant's family (to include the defendant's ex-wife and five children, collectively "the family") were subject to various immigration proceedings that have, to date, prevented their removal. *See* ECF No. 94 at 5-6; ECF No. 124 at 8-9, 14-15 (May 29 Hearing Transcript); ECF No. 132 at 4-6; ECF No. 141 at n.2. The government here provides a status report regarding those proceedings in connection with the defendant's motion to continue the hearing currently scheduled for August 31, 2026. ECF No. 150. Based on the pending proceedings described below, the prosecution team currently believes that the defendant's family will remain in the United States until at least November 30, 2026—the date on which the defense is requesting to reschedule the hearing.

As previously explained, the defendant's family is subject to a removal order. *See* ECF No. 94 at 5. The family has appealed the removal order to the Fifth Circuit, and that appeal remains pending.[1] *Elgamal, et al. v. Blanche*, Appeal No. 26-60288 (5th Cir., filed Apr. 25, 2026). The family's request for a stay pending appeal was denied by the Fifth Circuit on June 17, 2026. *Id.* at ECF No. 42. The family also filed a motion to reopen the removal proceedings before the Board of Immigration Appeals on July 21, 2026.

The family also filed a habeas petition in the U.S. District Court for the District of Colorado and requested a temporary restraining order barring their removal. *See El Gamal v. Mullins*, No. 26-cv-01763-NYW. On the same day, the Hon. Nina Y. Wang issued an order barring the family's removal from the District of Colorado or the United States. The prosecution team was informed that on June 25, 2026, the government in that case[2] filed a notice of appeal to the Tenth Circuit, and that appeal remains pending with an initial opening brief deadline of August 31, 2026. *See El Gamal v. Mullins*, 26-cv-01763-NYW, ECF No. 46. The prosecution team understands that the stay of removal issued by Judge Wang will remain in effect during the pendency of that appellate process.[3]

---

[1] The children have also applied for certain status that, if granted, may allow them to seek to reopen the removal proceedings, regardless of what happens in the pending appeal.

[2] The government in the habeas case is represented by the Civil Division of the U.S. Attorney's Office for the District of Colorado. In that case, the government is not seeking authority to deport the defendant's family members. Rather, consistent with the prosecution team's position in this case, the Civil Division there has argued that the U.S. District Court for the District of Colorado does not have jurisdiction to stay the family's removal from this country, and that is the issue presented in the appeal. *See El Gamal v. Mullins*, 26-cv-01763-NYW, ECF No. 50. In both cases, the government has acknowledged that the final order of removal is subject to review by the Fifth Circuit, where the family's appeal is currently pending.

[3] The government in the habeas case has taken the position that, based on the appeal, Judge Wang lacks jurisdiction to alter the stay or rule on the habeas petition. *See El Gamal v. Mullins*, 26-cv-01763-NYW, ECF No. 50.

The family has also submitted another application for immigration relief and requested to stay their removal based upon that pending application. Although the requested stay was denied, the application remains pending. U.S. Citizenship and Immigration Services ("USCIS") has requested that the family provide additional information to support their application by August 31, 2026. The prosecution team understands that if this application is denied, the family will have 30 days to appeal that decision.

Based on the totality of these pending court proceedings and the stay issued by Judge Wang, the prosecution team currently believes that the family will not be removed prior to November 30, 2026, the date to which the defense is requesting to adjourn the hearing. The prosecution team is also researching and considering additional steps that could be taken to further assure that the family will not be removed prior to a November hearing in the event the family's status changes in the interim. Pursuant to the Court's June 25 order, the prosecution team will continue to notify the defense and the Court if there are material changes regarding the family's immigration status.

Respectfully submitted this 11th day of August, 2026.

PETER MCNEILLY
United States Attorney

By: *s/ Melissa Hindman*
Melissa Hindman
Daniel Pastor

Assistant U.S. Attorneys
U.S. Attorney's Office
1801 California St., Ste. 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax: 303-454-0406
E-mail: Melissa.Hindman@usdoj.gov
Daniel.Pastor@usdoj.gov

Attorneys for the Government

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of August, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

By: *s/ Melissa Hindman*

Melissa Hindman
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California St., Ste. 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax: 303-454-0406
E-mail: Melissa.Hindman@usdoj.gov
Attorney for Government